UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHNNY MITCHELL HOYT (#479082)　　　　　　　　　CIVIL ACTION

VERSUS

N. BURL CAIN　　　　　　　　　　　　　　　　　　NO. 10-0300-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 6th day of December, 2010.

DOCIA L. DALBY
MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHNNY MITCHELL HOYT (#479082)  CIVIL ACTION

VERSUS

N. BURL CAIN  NO. 10-0300-FJP-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Johnny Mitchell Hoyt, challenges his conviction, entered in 2005 in the Twentieth Judicial District Court for the Parish of East Feliciana, State of Louisiana, on one count of second degree murder. He challenges his conviction, asserting that (1) the State failed to prove that he had specific intent to kill the victim, (2) that he was provided with ineffective assistance of counsel at trial when his attorney (a) failed to present statistical evidence regarding gun ownership in the United States, regarding the combined effect of drugs and alcohol on memory, and regarding gang-related activity, (b) failed to present DNA evidence to show that the petitioner did not participate in raping the victim, and (c) failed to move for a mistrial based on prosecutorial misconduct, and (3) that the prosecution misrepresented facts and vouched for the credibility of a witness in closing arguments.

Upon a review of the petitioner's application, it appears that he was tried by jury and found guilty in February, 2005, on one count of second degree murder. On April 5, 2005, he was sentenced to life imprisonment at hard labor, without the benefit of probation, parole or suspension of sentence. The petitioner appealed the conviction and sentence, asserting that the verdict was contrary to the law and evidence and that the trial court erred by allowing the introduction at trial of gruesome photographs and by failing to declare a mistrial when evidence was improperly introduced relative to prior bad acts committed by the petitioner. On March 31, 2006, the conviction

and sentence were affirmed by the intermediate appellate court, State v. Hoyt, 925 So.2d 777 (La. App. 1st Cir. 2006). The petitioner did not seek further review in the Louisiana Supreme Court. Accordingly, the petitioner's conviction became final on April 30, 2006, upon expiration of the time period allowed for him to do so under Louisiana law.

Almost two years later, on or about February 18, 2008,[1] the petitioner filed an application for post-conviction relief ("PCR") in the state trial court, wherein he asserted the claims that are raised in this proceeding. On June 6, 2008, the trial judge denied the petitioner's PCR and provided written reasons therefor. The petitioner's subsequent writ applications to the Louisiana appellate courts were also denied, with the Louisiana Court of Appeal for the First Circuit denying review on March 17, 2009, and with the Louisiana Supreme Court denying review on February 5, 2010. See State ex rel. Hoyt v. State, 27 So.3d 292 (La. 2010).

On April 19, 2010, the petitioner filed the instant habeas corpus proceeding in this Court. Based upon the foregoing, the Court concludes that the application is untimely.[2]

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to

---

[1] Although the petitioner's application for post-conviction relief was docketed as filed in the state trial court on March 12, 2008, the Court will apply the "mailbox rule" articulated in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), pursuant to which an inmate petitioner is deemed to have filed his habeas corpus pleading on the date that he placed it in the prison mail system and not the date that it was ultimately docketed by the receiving court. Accordingly, inasmuch as the petitioner signed his state court application for post-conviction relief on February 18, 2008, the Court will utilize this date as the date of the petitioner's filing.

[2] A district court is permitted to consider, sua sponte, the timeliness of a state prisoner's habeas corpus petition. Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006). This is true even where the State has failed to raise the issue in its response to the habeas application. See, e.g., Rodriguez v. Cockrell, 2001 WL 1149024 (N.D. Tex., Sept. 17, 2001), and cases cited therein. In Day, the Supreme Court noted that when a court acts on its own initiative to raise the defense of untimeliness, it must accord the parties fair notice and an opportunity to present their positions. Id. Accordingly, the petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising this issue and that the petitioner must submit any evidence or argument concerning the limitations defense as part of any objections he may file to this Report. See Magouirk v. Phillips, 144 F.3d 348 (5th Cir. 1998). Although this Court does not have before it the certified state court record, the Court is relying upon affirmative statements made by the petitioner in his pleadings as well as upon excerpts from the state court record which the petitioner has appended to his application.

federal habeas corpus claims brought by prisoners in state custody. This statute provides, in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

In the instant case, the petitioner's conviction became final on or about April 30, 2006, upon expiration of the delays for the petitioner to file an application for supervisory review in the Louisiana Supreme Court from the decision of the intermediate appellate court affirming his conviction and sentence. The petitioner then allowed 659 days to elapse prior to his filing of an application for post-conviction relief in the state district court. Thereafter, upon the finality of the petitioner's post-conviction relief proceedings on February 5, 2010, when the Louisiana Supreme Court denied the petitioner's supervisory writ application, the petitioner waited an additional 73 days, or until April 19, 2010, before filing his federal habeas corpus application in this Court. Accordingly, it appears that more than two years (or 732 days) elapsed during which the petitioner did not have any pending application for post-conviction or other collateral relief in the state courts. His application in this Court, therefore, is time-barred pursuant to § 2244(d).

Notwithstanding the foregoing, and in apparent acknowledgment that his application in this Court is untimely, the petitioner asserts that he is entitled to equitable tolling of the limitations

period. However, although this Court has the power to equitably toll the statute of limitations in rare and exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999), the Court finds no compelling reason to recommend tolling in this case.

In support of his assertion that he is entitled to equitable tolling, the petitioner argues, although not clearly, that he relied upon representations made by his attorney that a writ application to the Louisiana Supreme Court would be filed from the March 31, 2006, decision of the intermediate appellate court affirming his conviction and sentence. The petitioner further contends that his attorney thereafter made representations that such application had in fact been filed and was pending. The petitioner asserts that it was not until June 22, 2007, almost fifteen months later, that he learned of the "miscommunication" by his attorney, and he argues that the delay resulting from his attorney's mis-communication misled him to his detriment in asserting his claims in state court. In support of this assertion, the petitioner has provided an affidavit, prepared and executed by his trial attorney, which attests that after the petitioner's trial, an associate attorney in the affiant's office handled the petitioner's appeal to the Louisiana Court of Appeal for the First Circuit. The affiant further attests that after issuance of the appellate decision affirming the petitioner's conviction and sentence, the affiant's office received communication from the petitioner's father, advising the affiant's office to take no further action in connection with the petitioner's appeal. The affiant attests that he was not personally made aware of this communication from the petitioner's father. Accordingly, he continued to operate under the assumption that an application for supervisory review in the Louisiana Supreme Court had been filed by his office, and he advised the petitioner that his office was "awaiting a decision from the Supreme Court." Finally, the affiant attests that he did not become aware that writs had not actually been filed until "a number of months" after the First Circuit rendered its decision. He provides, however, neither the date upon which he became aware that writs had not been filed in the Louisiana Supreme Court nor the date upon which he communicated this information to the petitioner. As a result, the Court has before

it only the petitioner's conclusory assertion that he learned of the alleged mis-communication on June 22, 2007, at a hearing in a related case at which both he and his attorney were present. Based upon this information, the petitioner urges this Court to accept that he relied upon the misrepresentations of his attorney to his detriment and, for this reason, allowed an excessive amount of time to elapse before filing his application for post-conviction relief in the state court.

Equitable tolling of the 28 U.S.C. § 2244(d) time-bar is permitted only "in rare and exceptional circumstances". Davis v. Johnson, supra; Coleman v. Johnson, 184 F.3d 398 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000). The doctrine" applies principally where the plaintiff is actively misled ... about the cause of action or is prevented in some extraordinary way from asserting his rights." Coker v. Quarterman, 270 Fed.Appx. 305 (5th Cir. 2008). "[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." Cousin v. Lensing, 310 F.3d 843 (5th Cir. 2002), cert. denied, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). See also Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (recognizing that "'a garden variety claim of excusable neglect'... does not warrant equitable tolling."); Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). An attorney's intentional deception may warrant equitable tolling, but only if the petitioner shows that he reasonably relied on his attorneys' misrepresentations. United States v. Wynn, 292 F.3d 226 (5th Cir. 2002). It has been consistently held that the petitioner should bear the burden of proving equitable tolling in this context. Coker, supra, citing Phillips v. Donnelly, 216 F.3d 508 (5th Cir.), modified on reh'g, 223 F.3d 797 (5th Cir. 2000)(The petitioner bears the burden of proving the factual predicates warranting equitable tolling); Alexander v. Cockrell, 294 F.3d 626 (5th Cir. 2002) (same). Further, the petitioner is required to show that he has been diligently pursuing his rights. Holland v. Florida, supra.

Although the petitioner asserts that he is entitled to equitable tolling because of the apparent unintentional misleading conduct of his attorney, which led the petitioner to believe that a timely application for supervisory review in the Louisiana Supreme Court had been filed on his

behalf, the Court concludes that this contention should be rejected. Specifically, although the affidavit provided by the petitioner's attorney corroborates the petitioner's assertion that he was erroneously advised for a period of time that such an application had been filed, the affidavit provides no information relative to the date upon which this misinformation was discovered or the date that the petitioner was advised thereof. The most which the affidavit asserts is that "a number of months" elapsed before the error was discovered. Further, it appears clear that the attorney's error was purely inadvertent, was not intentional, and was principally the result of negligence or error caused by mis-communication within the attorney's office. See United States v. Riggs, 314 F.3d 796 (5th Cir. 2002), cert. denied, 539 U.S. 952, 123 S.Ct. 2630, 156 L.Ed.2d 645 (2003) (holding that equitable tolling was not warranted where apparent mis-communication between the petitioner and his attorney resulted in pleading not being filed). Finally, and most importantly, the Court finds that, even if the petitioner's attorney's conduct may be seen to constitute more than mere error or negligence, the petitioner's subsequent eight-month delay before he filed his application for post-conviction relief in the state court, <u>after</u> he admittedly learned that the application for supervisory review on direct appeal had not been filed, compels a conclusion that he has failed to "diligently pursue his § 2254 relief."

In Holland v. Florida, supra, the United States Supreme Court remanded for further factual development on the issue of equitable tolling where the petitioner's attorney had failed to timely file a habeas application despite many repeated requests by the petitioner that he do so and despite explicit information provided by the petitioner as to the applicable deadline. The Court found that the petitioner's attorney had apparently failed to research the rules pertinent to timely filing, failed to timely advise the petitioner of the final ruling of the state court before expiration of the habeas deadline, and failed to communicate with his client over a period of years. The Court concluded that this wrongdoing, which "violated fundamental canons of professional responsibility", might be sufficient to support a finding of "extraordinary" circumstances so as to support a finding of equitable tolling. The Court emphasized, however, that the "very day" that the petitioner learned

of his attorney's misconduct, he prepared his own pro se habeas application and submitted it for filing to the District Court. (Emphasis in original). The Petitioner in Holland thus acted with all due speed when confronted with the situation created by his attorney's wrongdoing. The same may not be said in the instant case. Rather, the petitioner essentially acknowledges that, with no documentation in his possession indicating that an application for supervisory writs had been filed in the state Supreme Court, he relied for fifteen months on his attorney's assertion that such an application had been filed. Moreover, when he thereafter became aware, apparently in June, 2007, that no application had been filed, he waited an additional eight months thereafter, until February, 2008, to file his application for post-conviction relief in the state trial court, and waited an additional two months after resolution of state post-conviction relief proceedings before filing his habeas application in this Court. This unreasonable delay compels the conclusion that the petitioner did not "diligently pursue his § 2254 relief" and that he is therefore not entitled to equitable tolling in connection with this application. See, e.g., Hayes v. Wilson, 268 Fed.Appx. 344 (5th Cir. 2008) (finding no equitable tolling where petitioner waited six months after learning of pertinent facts before filing application for state habeas relief); Kelly v. Quarterman, 260 Fed.Appx. 629 (5th Cir. 2007), cert. denied, ___ U.S. ___, 129 S.Ct. 32, 172 L.Ed.2d 46 (2008) (same after petitioner waited six months after learning of pertinent facts to file suit in state court and waited an additional four months after conclusion of state proceedings to file federal habeas application); Gordon v. Dretke, 107 Fed.Appx. 404 (5th Cir. 2004) ("This court has indicated that a one-month delay in filing a § 2254 petition after notice from the state court of the denial of relief does not preclude equitable tolling, but a four-month delay does."); Coleman v. Johnson, supra (finding no equitable tolling where petitioner waited six months after learning of state court action before filing application for habeas relief); Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001) (no equitable tolling with four-month delay); Robins v. Cain, 2010 WL 2218266 (E.D. La., April 29, 2010) (no equitable tolling with six-month delay after removal of impediment to filing habeas application); Smith v. Terrell, 2009 WL 2139697 (E.D. La., July 13, 2009) (no equitable tolling where petitioner waited two months after

learning of pertinent facts to file suit in state court and waited an additional one month after conclusion of state court proceedings to file federal habeas application). Cf., Hardy v. Quarterman, 577 F.3d 596 (5th Cir. 2009) (diligent pursuit found where petitioner filed application one week after learning of pertinent facts); Phillips v. Donnelly, 216 F.3d 508 (5th Cir. 2000) (diligent pursuit found where petitioner filed application within three days of learning of pertinent facts). Accordingly, the petitioner's application for habeas corpus relief should be dismissed as untimely.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be dismissed as untimely.

Baton Rouge, Louisiana, this 6th day of December, 2010.

DOCIA L. DALBY
MAGISTRATE JUDGE