# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JOHNNY MITCHELL HOYT (#479082)　　　　CIVIL ACTION

VERSUS　　　　10-300-SDD-SCR

BURL CAIN, ET AL.

## RULING AND ORDER

This matter is before the Court on the Petitioner's *Motion For Relief of Judgment Pursuant to Federal Rule of Civil Procedure ('Rule') 60.*[1]

## I. PROCEDURAL HISTORY

### A. State Court Proceedings

Petitioner was found guilty of one count of second degree murder in the Twentieth Judicial District Court for the Parish of East Feliciana, Louisiana in 2005. Petitioner was sentenced to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.

The First Circuit Court of Appeal affirmed the Petitioner's conviction and sentence.[2] Petitioner did not seek supervisory review by the Louisiana Supreme Court.

On February 18, 2008, the Petitioner filed a post-conviction relief application (hereafter "PCRA") in the District Court. On June 6, 2008, the trial court denied review. Petitioner filed an application for review in the Louisiana First Circuit Court of Appeal. On March 17, 2009, the court of appeal denied review.[3] Petitioner sought review by the

---

[1] Rec. Doc. 22.

[2] *State of Louisiana v. Johnny L. Hoyt*, 2005-1547 (La. App. 1st Cir. 3/31/06), 925 So.2d 777 (Table).

[3] *State of Louisiana ex rel. Johnny L. Hoyt v. State of Louisiana*, 2008-2512 (La. App. 1st Cir. 3/17/09).

Louisiana Supreme Court which denied review on February 5, 2010.[4]

## B. Federal Court Proceedings

Petitioner filed his federal *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody*[5] on April 19, 2010.

On December 6, 2010, a Magistrate Judge's Report was issued recommending that the *Petition* be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).[6] On January 13 2011, the District Judge adopted the Magistrate Judge's Report as the Court's opinion and entered *Judgment*.[7]

On February 10, 2011, the Petitioner filed a *Notice of Appeal*.[8] On July 28, 2011, the United States Court of Appeals for the Fifth Circuit denied a *Certificate of Appealability*, specifically finding that the Petitioner failed to show that jurists of reason would debate the District Court's dismissal of his § 2254 *Petition* as time-barred.[9]

On March 9, 2012, the Petitioner filed a *Petition for a Writ of Certiorari* in the United States Supreme Court. On May 14, 2012, the United States Supreme Court denied the *Petition for a Writ of Certiorari*.[10]

Petitioner is now before this Court seeking relief from this Court's *Judgment*

---

[4] *State of Louisiana ex rel. Johnny L. Hoyt v. State of Louisiana*, 2009-0850 (La. 2/5/10), 27 So.3d 850.

[5] Rec. Doc. 1.

[6] Rec. Doc. 10.

[7] Rec. Docs. 12 and 13, respectively.

[8] Rec. Doc. 16.

[9] Rec. Doc. 20.

[10] *Hoyt v. Cain*, 132 S.Ct. 2390, 182 L.Ed.2d 1033 (2012).

dismissing his § 2254 *Petition*.

II. APPLICABLE LAW AND ANALYSIS

    A.     **Successive Petition**

Initially, the Court must determine whether it has jurisdiction to rule on the Petitioner's Rule 60 Motion.

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005), the Supreme Court stated that a Rule 60(b) motion does not contain a habeas "claim," and thus should not be construed as a successive petition, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."[11] Specifically, the Court held that the petitioner does not make a "habeas corpus claim ... when he merely asserts that a previous ruling which precludes a merits determination was in error — for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar."[12]

In his Rule 60(b) Motion, the Petitioner does not challenge the application of the statute of limitations but argues that the Court erred in determining that he was not entitled to equitable tolling. Therefore, the Petitioner's Rule 60(b) Motion should not be construed as an improper successive *habeas* Petition and should be treated as properly before this Court.

---

[11] *Id.* at 532, 125 S.Ct. at 2648 (footnote omitted).

[12] *Id.* at 532 n. 4, 125 S.Ct. at 2648 n. 4.

## B. Rule 60(b)

Rule 60(c)(1) requires that any "motion under Rule 60(b) be made within a reasonable time,"[13] "unless good cause can be shown for the delay."[14] What constitutes "good cause" for a reasonable delay "must necessarily be evaluated on a case-by-case basis."[15] "The timeliness of the motion is measured as of the point in time when the moving party has grounds to make such a motion, regardless of the time that has elapsed since the entry of judgment."[16] Once a party has grounds to make a Rule 60(b) motion, he must bring the motion reasonably promptly.[17]

The Supreme Court denied the *Petition for a Writ of Certiorari* on May 14, 2012. Petitioner did not file his Motion until March 16, 2015, nearly 34 months later. Petitioner's claim was not brought within a reasonable time nor has he shown good cause for the delay.[18]

Even assuming that the Petitioner's Rule 60(b) Motion was brought within a reasonable time, it is without merit.

Rule 60(b) permits the District Court to relieve a party from the effect of a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies

---

[13] Fed.R.Civ.P. 60(c)(1).

[14] *In re Osborne*, 379 F.3d 277, 283 (5th Cir. 2004).

[15] *Id.*

[16] *First RepublicBank Forth Worth v. Norglass, Inc.*, 958 F.2d 117, 119 (5th Cir. 1992).

[17] *Id.* at 121.

[18] *Tamayo v. Stephens*, 740 F.3d 986, 991 (5th Cir. 2014).

4

such disposition.

The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief.[19] The Supreme Court has stated that "[s]uch circumstances will rarely occur in the habeas context."[20]

First, the Petitioner failed to point to any mistake, inadvertence, or excusable neglect which entitles him to Rule 60(b)(1) relief.

Second, even if the Petitioner had alleged facts sufficient to support a Rule 60(b)(1) motion, it would be untimely because it was filed more than four years after entry of the *Judgment*. A Rule 60(b) motion based on mistake, inadvertence, or excusable neglect must be filed within one year of the entry of the judgment or order.[21] *Judgment* was entered on January 13, 2011. Petitioner did not file his Rule 60(b) Motion until March 16, 2015, more than four years after the *Judgment* was entered.

Third, a Rule 60(b)(6) motion requires a showing of extraordinary circumstances. Petitioner failed to establish the existence of any "extraordinary circumstances" regarding the dismissal of his § 2254 Motion.

Petitioner has failed to satisfy the prerequisites necessary to be relieved from *Judgment*.

**Accordingly,**

---

[19] *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).

[20] *Gonzalez*, 545 U.S. at 535, 125 S.Ct. at 2649.

[21] Rule 60©.

IT IS HEREBY ORDERED that the Petitioner's *Motion For Relief of Judgment Pursuant to Federal Rule of Civil Procedure ('Rule') 60*[22] is DENIED.

IT IS FURTHER ORDERED that a motion for certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana the 26 day of March, 2015.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[22] Rec. Doc. 22.